Josh M. Jance
3223 E Kleidndale Road
Tucson, AZ 85716
JoshJance@GMX.com
520-444-4943

Representing Self



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Josh M. Jance,

        Plaintiff,

    vs.

Homerun Offer LLC, et al.,

        Defendant

)
)
)
)
)
)
)
)
)
)

Case No.: No. CV-20-00482-TUC-JGZ

HON. JUDGE JENNIFER G. ZIPPS PRESIDING

SECOND AMENDED CLAIM AND COMPLAINT FOR:

1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]

2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]

3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]

4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]

DEMAND FOR JURY TRIAL

Plaintiff JOSH M. JANCE ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Homerun Offer, LLC et al., ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the Do-NotCall and Auto-Dialer Telephone System (ATDS) provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

3. Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Pima, City of Tucson, State of Arizona because it is a corporation doing business in the County of Pima, City of Tucson, State of Arizona.

4. Defendant expressly stated that "this Court has jurisdiction over this action..." and argued same in Defendant's "Notice of Removal" dated November 3rd, 2020.

5. Defendant expressly stated that "venue for purposes of removal lies in the Tucson Division of this Court…" and argues same in Defendant's "Notice of Removal" dated November 3rd, 2020.

## Parties

6. Plaintiff is, and at all times mentioned herein was, a resident of the City of Tucson, County of Pima, State of Arizona.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Defendants are located in the in the State of Nevada and registered as limited liability companies in the State of Nevada.

9. Defendants are, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

10. At all times relevant, Defendant conducted business in the State of Arizona and in the County of Pima, within this judicial district.

## Factual Allegations

11. On January 16th, 2020 at 3:35 PM Plaintiff received a telephone call from a caller stating that they represent a "local investor" and inquiring if Plaintiff had any interest in a real estate transaction. The content of the calls consisted of a generic and cursory inquiry as to Plaintiff's interest in consummating a real estate transaction.

12. An exact transcript of what the caller said upon Plaintiff answering the call is as follows: "Hi, this is Sam. I'm working with a local investor who's looking to buy a property in the area. Do you have any interest in selling your property, or are you open to a cash offer?" Plaintiff made a recording

(Recording 1) of one message left by this telemarketer on Plaintiff's voicemail on May 22nd, 2020 at 10:26 AM. Recording #1 includes the voicemail timestamp and caller identification information for the message left by the telemarketer.

13. All of the telemarketing calls came to Plaintiff's cellular phone with a number ending in 4943.

14. On the initial call, the caller identification on Plaintiff's cellular phone listed a number for the telemarketing call as coming from 520-402-1022.

15. During the thirteen-second call, Plaintiff used his standard response to unwanted telemarketing calls. Plaintiff requested to be placed on the telemarketer's "Do Not Call List," to be provided with a copy of the telemarketer's written "Do Not Call List" policy, and after that, told the telemarketer that they could go kill themselves.

16. At no point did the telemarketer specifically identify on whose behalf they were calling.

17. At no point did the telemarketer provide either an address or a telephone number where the person on whose behalf the telemarketer was making the call might be contacted.

18. Over the next six months, Plaintiff received a total of twenty-nine calls from the Defendant following that exact same pattern:

    a. The telemarketer would state that they represent a "local investor" and inquire if Plaintiff had any interest in consummating a real estate transaction

    b. The call would come to the Plaintiff's cellular phone

    c. The caller identification on Plaintiff's cellular phone would list a number for the telemarketing call as coming from 520-402-10XX, with the last two digits ranging from 17 to 29

    d. Plaintiff would, when answering the calls, request to be placed on the telemarketer's "Do Not Call List," to be provided with a copy of the

1     telemarketer's written "Do Not Call List" policy, and after that the

2     telemarketer could go kill themselves

3  19. The precise telephone numbers the Plaintiff is aware of that the Defendant used

4     to call the Plaintiff from January 16th, 2020 until July 6th, 2020 are as

5     follows:

6         a. 520-402-1017

7         b. 520-402-1019

8         c. 520-402-1020

9         d. 520-402-1022

10        e. 520-402-1023

11        f. 520-402-1024

12        g. 520-402-1026

13        h. 520-402-1029

14  20. According to WWW.WhitePages.com, all of the numbers that the Defendant used to

15     call the Plaintiff are listed as "Type: Non-Fixed VoIP (e.g. Skype or Google

16     Voice)."

17  21. According to Webopedia, "Voice over Internet Protocol (VoIP) is a category of

18     hardware and software that enables people to use the internet as the

19     transmission medium for telephone calls by sending voice data in packets using

20     internet protocols (IP) rather than by traditional circuit transmissions of the

21     PSTN."

22  22. In order to make a telephone call using a "VoIP," it requires use of a computer

23     connected to the internet. A computer has the capacity to store or produce

24     telephone numbers to be called, using a random or sequential number generator,

25     as specifically called out in 47 U.S.C. § 227(b)(1).

26  23. According to WWW.ReportedCalls.com, the prefix "520-402" on all of the numbers

27     the Defendant used to call the Plaintiff is for "Location: Arizona" and "Rate

28     Center: Benson."

24. The Defendant does not currently, nor during the time the calls were made, operate or contract with a call center in Benson, Arizona to conduct their telemarketing activities.

25. The Defendant engaged in "spoofing" to make their telemarketing calls appear to have originated from Benson, Arizona on the caller ID displays of the individuals they were calling.[1]

26. The TCPA prohibits the knowing transmission of falsified caller identification information, referred to as "spoofing," with the intent to "defraud, cause harm, or wrongfully obtain anything of value." 47 U.S.C. § 227(e)(1).

27. In order to "spoof" the information transmitted to a caller ID display, it requires use of specialized telephone equipment, which is consistent with the use of an ATDS. (*Zeidel v. National Gas and Electric*, and *Spiegel v. Engagetel*)

28. All telemarketing calls made by the Defendant to the Plaintiff were made via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1).

29. By using VoIPs, engaging in "spoofing" of caller ID information, and failing to identify on whose behalf the telemarketing calls were being made, this demonstrates the intent of the Defendant to willfully, and negligently violate the TCPA.

30. Plaintiff has told Defendant to stop calling Plaintiff thirteen times.

31. Plaintiff and Defendant have no business relationship.

32. Plaintiff has requested a copy of the Defendant's written "Do Not Call List" policy thirteen times.

---

[1] "Spoofing" refers to the deliberate falsification of caller identification information in order to disguise the caller's identity. *Spiegel v. Engagetel*, No. 1:15-cv-01809, 2016 WL 5477529, at*1, n.2 (N.D. Ill. Sept. 29, 2016)

33. The purpose of Defendant's calls was to solicit Plaintiff to conduct business with the Defendant.

34. The telephone number Defendant called was assigned to a cellular telephone pursuant to 47 CFR § 64.1200(a)(1)(iii)

35. The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Plaintiff did not provide Defendant or its agent(s) prior express consent to receive the calls to his cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

37. The telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

38. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

39. Defendant's calls forced Plaintiff to live without the utility of his cellular telephone by forcing Plaintiff to silence his cellular telephone.

40. Plaintiff was personally affected because Plaintiff was frustrated and distressed that despite Plaintiff telling Defendant to stop calling Plaintiff on Plaintiff's cellular telephone phone, Defendant continued to harass Plaintiff with calls using an ATDS.

41. On April 23rd, 2020 at 2:32 PM, Plaintiff received a call from the Defendant with the caller identification on Plaintiff's cellular phone identifying the number for the call as 520-402-1019.

42. Plaintiff returned the call to 520-402-1019 on April 23rd, 2020 at 2:32 PM. When the phone answered, it was answered by an automated answering system with a pre-recorded voice message.

43. A transcript of what pre-recorded voice message said is as follows: "Thanks for contacting us. Press one to receive a cash offer on your home. Press two to be removed from our list."

44. The unidentified woman (Unidentified Woman #1), that made the recording the automated answering system plays, is either a current or former employee or a contractor hired by either the Defendants or a related company.

45. Plaintiff followed the instructions and "pressed two" in order to be "removed from" the telemarketer's list.

46. Plaintiff then called back the same number again to leave a message on the voicemail system stating plainly: "My telephone number is 520-444-4943 and I want you to put me on your do not call list."

47. Plaintiff received an additional twenty-two telemarketing calls from the Defendant after April 23rd, 2020.

48. Plaintiff has repeatedly told the Defendant to stop calling the Plaintiff on his cellular telephone.

49. On April 7th, 2020 at 10:25 AM, and after telling the Defendant twice to put the Plaintiff on the Defendant's "Do Not Call List," the Plaintiff received a call to Plaintiff's cellular telephone.

50. The call received displayed a number of "520-402-1020" on the Plaintiff's cellular telephone's caller ID display.

51. The call on April 7th, 2020 lasted 2 minutes and 7 seconds.

52. For this call, Plaintiff tried a different tactic. After the telemarketer went through her standard script, Plaintiff pretended to have an interest in selling Plaintiff's property for cash. Over the course of the call, Plaintiff made an effort to sound ever more enthusiastic about getting a cash offer for Plaintiff's property. Near the end of the call, Plaintiff asked which company the telemarketer was calling for. The telemarketer replied "Homerun Offer." Plaintiff wrote down "Homerun Offer" and ended the call by telling the

telemarketer to put the Plaintiff on the telemarketer's "Do Not Call List," to provide the Plaintiff with a copy of the telemarketer's written "Do Not Call List" policy, and after that, Plaintiff instructed the telemarketer that she could go kill herself.

53. On April 17th, 2020 at 4:21 PM, the Plaintiff received a call to Plaintiff's cellular telephone.

54. The call received displayed a number of "520-402-1017" on the Plaintiff's cellular telephone's caller ID display.

55. The call on April 17th, 2020 lasted 44 seconds.

56. After the telemarketer went through her standard script, Plaintiff again pretended to have an interest in selling Plaintiff's property for cash. Near the end of the call, Plaintiff asked the telemarketer the following question: "Wait a second, you're with Homerun Offer right?"

57. The telemarketer answered "Yes."

58. Plaintiff ended the call by telling the telemarketer to put the Plaintiff on the telemarketer's "Do Not Call List," to provide the Plaintiff with a copy of the telemarketer's written "Do Not Call List" policy, and after that Plaintiff instructed the telemarketer that she could go kill herself.

59. Armed with the name "Homerun Offer," Plaintiff began investigating companies with that name and engaging in property acquisition in Arizona.

60. On or about May 5th, 2020, Plaintiff came across the website for the company "homerunoffer.com".

61. The website listed the company address for Homerun Offer in Las Vegas Nevada.

62. Plaintiff then searched the State of Nevada Corporation Commission website for any companies named "Homerun Offer" and found the Defendant.

63. On the State of Nevada Corporation Commission website listing for "Homerun Offer" it included the name "Ryan Pineda" as the Registered Agent.

64. Plaintiff then ran another search on the State of Nevada Corporation Commission website for the name "Ryan Pineda" and found Defendant "All Star Investments."

65. Plaintiff went to the Pima County Recorder's office on or about July 7th, 2020 to search the Pima County Recorder's database for the names "Homerun Offer," "All Star Investments," and "Ryan Pineda," in order to locate any real estate transactions that had taken place in Pima County involving any of those three entities.

66. When searched at that time, the Pima County Recorder's office database included no property transactions for "Ryan Pineda."

67. When searched at that time, the Pima County Recorder's office database included no property transactions for "Homerun Offer."

68. When searched at that time, the Pima County Recorder's office database included six property purchases for "All Star Investments, LLC" beginning in October of 2019 and ending in June of 2020.

69. Plaintiff contends that for some or all of those six property purchases made by Defendant All Star Investments, LLC between October 2019 and June of 2020, the initial contact with the other parties to those transactions came about as a direct result of the telemarketing activities of Defendant Homerun Offer, LLC.

70. During the investigation into Homerun Offer, Ryan Pineda, and All Star Investments, Plaintiff found a post made on Instagram from the account identified as "ryanpinedashow" showing a picture of Ryan Pineda wearing a shirt with the University of Arizona logo. The Instagram post is dated September 24th, 2019. The caption on the post is as follows: "ryanpinedashow Once we decided to start investing in Tucson, I bought this shirt. After a couple of weeks of marketing, we've got two deals locked up! Now I can wear it and pledge my allegiance to the Wildcats. I will also pledge my allegiance go UNLV, CSUN, and whatever other town we can do business in."

71. Plaintiff began receiving telemarketing calls from the Defendant less than 4 months after that post on Instagram from the account named "ryanpinedashow" was made.

72. According to the Pima County Recorder's database, Defendant All Star Investments, LLC closed their first property purchase in Pima County on October, 10th 2019, which is 16 days after the Instagram post from the account named "ryanpinedashow" stated an interest in investing in Tucson.

73. On July 9th, 2020, Plaintiff made a recording (Recording #2) of calls made by Plaintiff to the following numbers:

    a. 520-402-1017

    b. 520-402-1019

    c. 520-402-1020

    d. 520-402-1022

    e. 520-402-1023

    f. 520-402-1024

    g. 520-402-1026

    h. 520-402-1029

74. Recording #2, made on July 9th, 2020 demonstrates that when calling any of those numbers (a-h), the automated answering system has an identical message for all telephone numbers.

75. The transcript of the messages the answering systems play when called is as follows: "Thanks for contacting us. Press one to receive a cash offer on your home. Press two to be removed from our list."

76. Unidentified Woman #1 recorded the message that the answering systems play when called.

77. Plaintiff contends that the exact same company established the exact same automated answering system with the exact same message to play when someone calls the following numbers:

       a.  520-402-1017

       b.  520-402-1019

       c.  520-402-1020

       d.  520-402-1022

       e.  520-402-1023

       f.  520-402-1024

       g.  520-402-1026

       h.  520-402-1029

78. The Defendant Homerun Offer, LLC, is the company that either set up or controls the content of the messages on those automated answering systems as directed by Defendant All Star Investments, LLC.

79. On August 25th, 2020 a Civil Summons was issued in the case of Josh M Jance v. Homerun Offer LLC, et al. Case Number C20203567 by the Clerk of the Superior Court in Pima County, Gary L. Harrison.

80. Plaintiff subsequently hired Las Vegas, Nevada based process server David W. McClelland on August 28th 2020 to serve process in this case on Ryan Pineda, CEO of both Defendants Homerun Offer LLC and All Star Investments LLC.

81. Plaintiff provided Mr. McClelland with the address for Homerun Offer LLC, as shown on the State of Nevada Corporation Commission website (8455 W Flamingo STE 5, Las Vegas, NV, 89147) to serve process on Ryan Pineda.

82. Plaintiff provided Mr. McClelland with the address for All Star Investments LLC, as shown on the State of Nevada Corporation Commission website (9680 W Tropicana #103, Las Vegas, NV, 89147) to serve process on Ryan Pineda.

83. In a phone conversation with Plaintiff at 4:05 PM on August 28th, 2020, Mr. McClelland stated that he spoke with Defendant All Star Investments LLC's former landlord at 9680 W Tropicana #103, Las Vegas, NV, 89147 and learned that All Star Investments LLC has not been at that address for several years. In that same conversation, Mr. McClelland also stated that Defendant Homerun Offer

1   LLC recently moved out of their former address at 8455 W Flamingo STE 5, Las

2   Vegas, NV, 89147 within the previous few weeks.

3   84. On the morning of August 31st, 2020, Plaintiff sought to find a new address to

4   provide to Mr. McClelland in order to serve process on Ryan Pineda in this

5   case.

6   85. Thinking that Defendant Homerun Offer, LLC's former landlord at 8455 W Flamingo

7   STE 5, Las Vegas, NV, 89147, might have some information on the new location of

8   the Defendants, Plaintiff ran a search for "8455 W Flamingo" on the Clark

9   County Nevada Assessor's website.

10  86. The Clark County Nevada Assessor's website listed one "Alan Houldsworth" as

11  owning the property at 8455 W Flamingo STE 5, Las Vegas, NV, 89147.

12  87. Plaintiff then ran another "Google" search for anyone in Las Vegas with the

13  name "Alan Houldsworth." This search turned up the telephone number "702-386-

14  2888."

15  88. On August 31st, 2020, at 10:18 AM, plaintiff called the number "702-386-2888"

16  from Plaintiff's cellular telephone to inquire if they knew of "Homerun Offer"

17  and if they had any idea where "Homerun Offer" went after vacating 8455 W

18  Flamingo STE 5, Las Vegas, NV, 89147.

19  89. The unidentified woman (Unidentified Woman #2) Plaintiff spoke with during that

20  telephone call replied that she did not know where "Homerun Offer" went after

21  vacating 8455 W Flamingo STE 5, Las Vegas, NV, 89147, however, she did provide

22  a telephone number for the new address of "Homerun Offer."

23  90. The telephone number provided to Plaintiff by Unidentified Woman #2 in the

24  telephone conversation is "702-381-9317."

25  91. On August 31st, 2020 at 10:41 AM, Plaintiff called the number 702-381-9317 from

26  Plaintiff's cellular telephone with a number ending in 4943.

27  92. The call was answered by an automated answering system. When called, the

28  automated answering system played the following recorded message: "Thanks for

calling Forever Home Realty. This call may be recorded for quality assurance. Please stay on the line as we connect you with one of our agents. Thanks for contacting Forever Home Realty. We're sorry we missed your call. To help us better serve you, please leave your name and number, and one of our agents will be contacting you shortly. Have a great day."

93. Not recognizing the name "Forever Home Realty," Plaintiff initially dismissed the number provided to Plaintiff by Unidentified Woman #2 when calling to speak with Defendant Homerun Offer, LLC's former landlord, as being inaccurate.

94. Three days later, on September 2nd, 2020, Plaintiff began investigating "Forever Home Realty" and came across the website "foreverhomelv.com" which included a listing for "Ryan Pineda," identifying him as "Owner/Author of *Flip Your Future.*" The listing on the website "foreverhomelv.com" included a picture of Ryan Pineda. This indicated that the phone number provided by unidentified Woman #2 to Plaintiff when calling Defendant Homerun Offer's former landlord was, in actuality, accurate.

95. A search on the State of Nevada Corporation Commission website for "Forever Home Realty" showed that the registered agent for "FOREVER HOME REALTY LLC" is listed as "RYAN PINEDA."

96. Later that evening on September 2nd, 2020, at 6:02 PM, Plaintiff again called the number 702-381-9317 from Plaintiff's cellular telephone and recorded the call. (Recording #3)

97. The exact same automated message Plaintiff heard when calling on August 31st, 2020 played again.

98. The recording the automated answering system plays when called was made by an unidentified woman (Unidentified Woman #3).

99. Unidentified Woman #3, that made the recording the automated answering system plays, is either a current or former employee or contractor hired by either Forever Home Realty, LLC, or a related company.

100.     On November 21st, 2020, at 5:00 PM, Plaintiff recorded a 2 minute, 50 second video (Video Recording #1) of himself as he called 702-381-9317 twice from Plaintiff's cellular telephone with a number ending in 4943. (Video Recording #1)

101.     On November 25th 2020, at 3:06 AM, Plaintiff again dialed 702-381-9317 from Plaintiff's cellular telephone with a number ending in 4943 and made another audio recording of the call with improved acoustics. (Recording #4)

102.     Video Recording #1 and Recording #4 further document the fact that when calling 702-381-9317, the automated answering service plays the exact same message Plaintiff heard when Plaintiff called 702-381-9317 on August 31st, 2020, and subsequently recorded when Plaintiff called 702-381-9317 on September 2nd, 2020 (Recording #3).

103.     Plaintiff, as a human, states that the female voice heard on Recording #2 is the exact same female voice heard on Recording #3 and in Video Recording #1.

104.     Plaintiff contends that Unidentified Woman #1, who recorded the message that the automated answering system plays when calling any of the telemarketing numbers attributed to Defendant Homerun Offer, LLC as heard on Recording #2, is the exact same person as Unidentified Woman #3, who recorded the message that the automated answering system plays when calling the number attributed to "Forever Home Realty" as heard on Recording #3, Recording #4 and in Video Recording #1.

105.     This means that the Unidentified Woman #1/#3, that recorded both messages played when calling either the telephone numbers attributed to Defendant Homerun Offer, LLC, or Forever Home Realty, LLC, is either a current or former employee or contractor hired by Defendant Homerun Offer, LLC, Defendant All Star Investments, LLC, the Defendant's parent company Redeemed Homes, LLC, or affiliated company Forever Home Realty, LLC.

1

2
## FACTUAL ALLEGATIONS ESTABLISHING VICARIOUS LIABILITY

3

4   106.     Defendant All Star Investments, LLC's parent company is Redeemed Homes,

5       LLC.

6   107.     Ryan Pineda is now, and was at the time the telemarketing calls were made

7       to the Plaintiff, the President and CEO of Defendant Homerun Offer, LLC.

8   108.     Ryan Pineda is now, and was at the time the telemarketing calls were made

9       to the Plaintiff, the President and CEO of Defendant All Star Investments, LLC.

10   109.     Ryan Pineda is now, and was at the time the telemarketing calls were made

11       to the Plaintiff, the President and CEO of Redeemed Homes, LLC.

12   110.     Ryan Pineda, acting as President and CEO of the Defendant All Star

13       Investments, LLC, controlled Ryan Pineda, acting as President and CEO of

14       Defendant Homerun Offer, LLC with respect to the content, timing, telephone

15       numbers called, and all other aspects of the telemarketing activities of

16       Defendant Homerun Offer, LLC. This control proceeded either directly from Ryan

17       Pineda, acting as President and CEO of the Defendant All Star Investments, LLC

18       to Ryan Pineda, acting as President and CEO of Defendant Homerun Offer, LLC, or

19       it flowed from Ryan Pineda, acting as President and CEO of the Defendant All

20       Star Investments, LLC, working in coordination with Ryan Pineda, acting as

21       President and CEO of Redeemed Homes, LLC, to Ryan Pineda, acting as President

22       and CEO of Defendant Homerun Offer, LLC.

23   111.     Defendant All Star Investments, LLC has actual authority over the

24       telemarketing activities of Defendant Homerun Offer, LLC.

25   112.     Having shown that Defendant All Star Investments, LLC has actual

26       authority over the telemarketing activities of Homerun Offer, LLC, the

27       vicarious liability of Defendant All Star Investments, LLC for the

28

telemarketing activities of Defendant Homerun Offer, LLC that violate the TCPA is established.

## Legal Theory Underpinning Plaintiff's Claims as to the Telemarketing Activities of the Defendant

113.    In 47 CFR § 64.1200 (f) (11), the FCC defines a telemarketer as "the person or entity that initiates a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."

114.    In Fischbein v. Olsen Research Group, the majority opinion of the Third Circuit Court of Appeals stated: "A fax attempting to buy goods or services is no less commercial than a fax attempting to sell goods or services to the recipient…"

115.    Similarly, a telemarketer initiating a telephone call to buy property is no less commercial than a telemarketer initiating a call to sell property to the recipient of the telephone call.

116.    In the Definition section for 47 CFR § 64.1200 (f) the FCC completely fails to define either "purchase" or "investment."

117.    Further, nowhere in the Definition section for 47 CFR § 64.1200 (f) does the FCC specify an underlying currency for any prospective transaction initiated through a telemarketing call.

118.    When Defendant called Plaintiff twenty-nine times inquiring about consummating a real estate transaction for an "all cash offer," fundamentally, they were encouraging the "purchase" or "investment" in "cash" with the underlying currency being property.

119.     Thus, the Defendant's activities meet the FCC's definition of engaging in "telemarketing" as specified in the definition section of 47 CFR § 64.1200 (f) (11).

## FACTUAL ALLEGATIONS FOR EACH INDIVIDUAL CALL

Call #1

Date/Time: January 16th, 2020 at 15:25

Duration of the call: 13 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1022 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: After a brief hesitation of several seconds, the telemarketer said, "Hi, this is Sam. I'm working with a local investor who's looking to buy a property in the area. Do you have any interest in selling your property or are you open to a cash offer?"

Plaintiff replied with Plaintiff's standard response to telemarketers stating, "put me on your do not call list, provide me with a written copy of your 'Do Not Call List' policy, and then go kill yourself."

Telemarketer then hung up on Plaintiff without identifying on whose behalf she was calling.

 - The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

 - The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

 - The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

1    - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant
2    to 47 C.F.R. § 64.1200(d)(3).
3    - Defendant did not provide Plaintiff with a written copy of the Defendant's written
4    "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).
5    - Defendant did not provide the name of the person or entity on whose behalf the
6    call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).
7    - Defendant did not provide a telephone number at which the person or entity on whose
8    behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).
9    - Defendant did not provide an address at which the person or entity on whose behalf
10   the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).
11
12   Specific Statutes/Regulations violated:
13                        a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an
14                        ATDS when calling a cellular telephone
15                        b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to
16                        make a call in order to obtain something of value
17                        c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff
18                        to a company specific "Do Not Call" list
19                        d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a
20                        copy of the Defendant's written "Do Not Call List"
21                        policy on demand
22                        e) 47 CFR 64.1200 (d)(4) Telemarketers must identify
23                        on whose behalf they are calling and provide their
24                        phone number and an address where they can be
25                        contacted
26                        f) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation
27                        of the TCPA
28

g) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

of the TCPA

i) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

Call #2

Date/Time: February 3rd, 2020 at 18:19

Duration of the call: 5 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1017 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began speaking. Plaintiff spoke over her with Plaintiff's standard response to telemarketers stating, "put me on your do not call list, provide me with a written copy of your 'Do Not Call List' policy, and then go kill yourself."

 – The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).
 – The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
 – Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).
 – The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).
 – Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant to 47 C.F.R. § 64.1200(d)(3).
 – Defendant did not provide Plaintiff with a written copy of the Defendant's written "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).
 – Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).
- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

Statutes/Regulations violated:

a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff to a company specific "Do Not Call" list

d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a copy of the Defendant's written "Do Not Call List" policy on demand

e) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation
of the TCPA

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of
the TCPA

1  Call #3

2  Date/Time: February 18th, 2020 at 18:33

3  Duration of the call: 0 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1026 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: Plaintiff did not answer the call and the telemarketer left no

9  message on Plaintiff's voicemail.

10  - The telephone number Defendant called was assigned to a cellular telephone

11  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

12  - The telephone call constituted a call that was not for emergency purposes as

13  defined by 47 U.S.C. § 227(b)(1)(A)(i).

14  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

15  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

16  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

17  - The call used a "spoofed" number and was made to obtain something of value

18  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

19  - Defendant did not provide the name of the person or entity on whose behalf the call

20  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

21  - Defendant did not provide a telephone number at which the person or entity on whose

22  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

23  - Defendant did not provide an address at which the person or entity on whose behalf

24  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

25

26  Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

27                                       ATDS when calling a cellular telephone

28

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

1  Call #4

2  Date/Time: March 27th, 2020 at 17:37

3  Duration of the call: 1 second

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1017 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: After answering the phone, Plaintiff began speaking stating, "put

9  me on your do not call list, provide me with a written copy of your "Do Not Call List"

10  policy, and then go kill yourself."

11  Telemarketer then hung up on Plaintiff.

12  - The telephone number Defendant called was assigned to a cellular telephone

13  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

14  - The telephone call constituted a call that was not for emergency purposes as

15  defined by 47 U.S.C. § 227(b)(1)(A)(i).

16  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

17  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

18  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

19  - The call used a "spoofed" number and was made to obtain something of value

20  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

21  - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

22  to 47 C.F.R. § 64.1200(d)(3).

23  - Defendant did not provide Plaintiff with a written copy of the Defendant's written

24  "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

25  - Defendant did not provide the name of the person or entity on whose behalf the call

26  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

27  - Defendant did not provide a telephone number at which the person or entity on whose

28  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

1   - Defendant did not provide an address at which the person or entity on whose behalf

2   the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

3

4   Statutes/Regulations violated:     a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

5                                          ATDS when calling a cellular telephone

6                                      b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

7                                          make a call in order to obtain something of value

8                                      c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff

9                                          to a company specific "Do Not Call" list

10                                     d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a

11                                         copy of the Defendant's written "Do Not Call List"

12                                         policy on demand

13                                     e) 47 CFR 64.1200 (d)(4) Telemarketers must identify

14                                         on whose behalf they are calling and provide their

15                                         phone number and an address where they can be

16                                         contacted

17                                     f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

18                                         from contacting customers requesting to be placed on

19                                         the telemarketer's company specific Do Not Call List

20                                         for 5 years

21                                     g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

22                                         of the TCPA

23                                     h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

24                                         the TCPA

25                                     i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

26                                         of the TCPA

27                                     j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

28                                         the TCPA

~

Call #5

Date/Time: April 7th, 2020 at 10:25

Duration of the call: 2 minutes and 7 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began speaking, reciting her script about wanting to buy Plaintiff's property. Plaintiff tried a different tactic this time. Plaintiff pretended to have an interest in consummating a real estate transaction. After listening to the telemarketer discuss the benefits of an all cash transaction, Plaintiff asked the telemarketer which company she was calling from. The telemarketer answered "Homerun Offer." Near the end of the call, Plaintiff stated, "put me on your do not call list, provide me with a written copy of your "Do Not Call List" policy, and then go kill yourself." Telemarketer then hung up on Plaintiff.

   - The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

   - The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

   - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

   - The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

   - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant to 47 C.F.R. § 64.1200(d)(3).

- Defendant did not provide Plaintiff with a written copy of the Defendant's written "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff to a company specific "Do Not Call" list

d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a copy of the Defendant's written "Do Not Call List" policy on demand

e) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

of the TCPA

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

1   Call #6

2   Date/Time: April 17th, 2020 at 16:21

3   Duration of the call: 44 seconds

4   Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5   the Plaintiff at his cellular telephone with a number ending in 4943.

6   Number Called From: 520-402-1017 (a VoIP used to "spoof" a Benson, AZ rate

7   center/location)

8   Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began

9   speaking, reciting her script about wanting to buy Plaintiff's property. Plaintiff

10  pretended interest in selling his property for cash and then asked "you're calling

11  from Homerun Offer right?" The telemarketer answered "yes." Near the end of the call,

12  Plaintiff stated, "put me on your do not call list, provide me with a written copy of

13  your "Do Not Call List" policy, and then go kill yourself."

14  Telemarketer then hung up on Plaintiff.

15   - The telephone number Defendant called was assigned to a cellular telephone

16  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

17   - The telephone call constituted a call that was not for emergency purposes as

18  defined by 47 U.S.C. § 227(b)(1)(A)(i).

19   - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

20  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

21  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22   - The call used a "spoofed" number and was made to obtain something of value

23  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

24   - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

25  to 47 C.F.R. § 64.1200(d)(3).

26   - Defendant did not provide Plaintiff with a written copy of the Defendant's written

27  "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

28

1  - Defendant did not provide a telephone number at which the person or entity on whose

2  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

3  - Defendant did not provide an address at which the person or entity on whose behalf

4  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

5

6  Statutes/Regulations violated:     a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

7  ATDS when calling a cellular telephone

8  b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

9  make a call in order to obtain something of value

10  c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff

11  to a company specific "Do Not Call" list

12  d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a

13  copy of the Defendant's written "Do Not Call List"

14  policy on demand

15  e) 47 CFR 64.1200 (d)(4) Telemarketers must identify

16  on whose behalf they are calling and provide their

17  phone number and an address where they can be

18  contacted

19  f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

20  from contacting customers requesting to be placed on

21  the telemarketer's company specific Do Not Call List

22  for 5 years

23  g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

24  of the TCPA

25  h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

26  the TCPA

27  i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

28  of the TCPA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

1  Call #7

2  Date/Time: April 23rd, 2020 at 14:32

3  Duration of the call: 5 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1019 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began

9  speaking. Plaintiff spoke over her with Plaintiff's standard response to telemarketers

10 stating, "put me on your do not call list, provide me with a written copy of your 'Do

11 Not Call List' policy, and then go kill yourself."

12 Telemarketer then hung up on Plaintiff.

13 Plaintiff called 520-402-1019 back twice to specifically request to be added to the do

14 not call list.

15 - The telephone number Defendant called was assigned to a cellular telephone

16 service pursuant to 47 CFR § 64.1200(a)(1)(iii).

17 - The telephone call constituted a call that was not for emergency purposes as

18 defined by 47 U.S.C. § 227(b)(1)(A)(i).

19 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

20 receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

21 prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22 - The call used a "spoofed" number and was made to obtain something of value

23 (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

24 - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

25 to 47 C.F.R. § 64.1200(d)(3).

26 - Defendant did not provide Plaintiff with a written copy of the Defendant's written

27 "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

28

1   - Defendant did not provide the name of the person or entity on whose behalf the call

2   is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

3   - Defendant did not provide a telephone number at which the person or entity on whose

4   behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

5   - Defendant did not provide an address at which the person or entity on whose behalf

6   the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

7

8   Statutes/Regulations violated:   a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

9   ATDS when calling a cellular telephone

10   b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

11   make a call in order to obtain something of value

12   c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff

13   to a company specific "Do Not Call" list

14   d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a

15   copy of the Defendant's written "Do Not Call List"

16   policy on demand

17   e) 47 CFR 64.1200 (d)(4) Telemarketers must identify

18   on whose behalf they are calling and provide their

19   phone number and an address where they can be

20   contacted

21   f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

22   from contacting customers requesting to be placed on

23   the telemarketer's company specific Do Not Call List

24   for 5 years

25   g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

26   of the TCPA

27   h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

28   the TCPA

i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

of the TCPA

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

1 | Call #8

2 | Date/Time: April 28th, 2020 at 12:58

3 | Duration of the call: 5 seconds

4 | Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5 | the Plaintiff at his cellular telephone with a number ending in 4943.

6 | Number Called From: 520-402-1029 (a VoIP used to "spoof" a Benson, AZ rate

7 | center/location)

8 | Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began

9 | speaking reciting her standard script about consummating a property transaction.

10 | Plaintiff spoke over her stating, "put me on your do not call list, provide me with a

11 | written copy of your "Do Not Call List" policy, and then go kill yourself."

12 | Telemarketer then hung up on Plaintiff.

13 | - The telephone number Defendant called was assigned to a cellular telephone

14 | service pursuant to 47 CFR § 64.1200(a)(1)(iii).

15 | - The telephone call constituted a call that was not for emergency purposes as

16 | defined by 47 U.S.C. § 227(b)(1)(A)(i).

17 | - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

18 | receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

19 | prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20 | - The call used a "spoofed" number and was made to obtain something of value

21 | (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

22 | - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

23 | to 47 C.F.R. § 64.1200(d)(3).

24 | - Defendant did not provide Plaintiff with a written copy of the Defendant's written

25 | "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

26 | - Defendant did not provide the name of the person or entity on whose behalf the call

27 | is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

28 |

1    - Defendant did not provide a telephone number at which the person or entity on whose

2    behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

3    - Defendant did not provide an address at which the person or entity on whose behalf

4    the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

5

6    Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

7                                         ATDS when calling a cellular telephone

8                                      b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

9                                         make a call in order to obtain something of value

10                                     c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff

11                                        to a company specific "Do Not Call" list

12                                     d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a

13                                        copy of the Defendant's written "Do Not Call List"

14                                        policy on demand

15                                     e) 47 CFR 64.1200 (d)(4) Telemarketers must identify

16                                        on whose behalf they are calling and provide their

17                                        phone number and an address where they can be

18                                        contacted

19                                     f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

20                                        from contacting customers requesting to be placed on

21                                        the telemarketer's company specific Do Not Call List

22                                        for 5 years

23                                     g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

24                                        of the TCPA

25                                     h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

26                                        the TCPA

27                                     i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

28                                        of the TCPA

1

2

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

1  Call #9

2  Date/Time: May 7th, 2020 at 10:40

3  Duration of the call: 43 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: After a brief hesitation of few seconds, the telemarketer began

9  speaking reciting her script about working with a local investor and an interest in

10 purchasing Plaintiff's property. Plaintiff asked what needs to happen so the

11 telemarketers over at Homerun Offer will finally figure out that Plaintiff will never

12 sell his property to them, will never do business with them, and what it will take for

13 them to finally figure out that calling the Plaintiff in violation of the TCPA is an

14 unwise policy? Plaintiff and the telemarketer argued. Then Plaintiff stated, "put me

15 on your do not call list, provide me with a written copy of your "Do Not Call List"

16 policy, and then go kill yourself."

17 Telemarketer then hung up on Plaintiff.

18 - The telephone number Defendant called was assigned to a cellular telephone

19 service pursuant to 47 CFR § 64.1200(a)(1)(iii).

20 - The telephone call constituted a call that was not for emergency purposes as

21 defined by 47 U.S.C. § 227(b)(1)(A)(i).

22 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

23 receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

24 prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

25 - The call used a "spoofed" number and was made to obtain something of value

26 (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

27 - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

28 to 47 C.F.R. § 64.1200(d)(3).

1  - Defendant did not provide Plaintiff with a written copy of the Defendant's written

2  "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

3  - Defendant did not provide the name of the person or entity on whose behalf the call

4  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

5  - Defendant did not provide a telephone number at which the person or entity on whose

6  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

7  - Defendant did not provide an address at which the person or entity on whose behalf

8  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

9  Statutes/Regulations violated:      a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

10                                        ATDS when calling a cellular telephone

11                                     b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

12                                        make a call in order to obtain something of value

13                                     c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff

14                                        to a company specific "Do Not Call" list

15                                     d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a

16                                        copy of the Defendant's written "Do Not Call List"

17                                        policy on demand

18                                     e) 47 CFR 64.1200 (d)(4) Telemarketers must identify

19                                        on whose behalf they are calling and provide their

20                                        phone number and an address where they can be

21                                        contacted

22                                     f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

23                                        from contacting customers requesting to be placed on

24                                        the telemarketer's company specific Do Not Call List

25                                        for 5 years

26                                     g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

27                                        of the TCPA

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of
the TCPA

i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation
of the TCPA

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of
the TCPA

1  Call #10

2  Date/Time: May 11th, 2020 at 17:54

3  Duration of the call: 37 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1017 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began

9  speaking reciting her script about working with a local investor and an interest in

10  purchasing Plaintiff's property. Plaintiff again asked what needs to happen so the

11  telemarketers over at Homerun Offer will finally figure out that Plaintiff will never

12  sell his property to them, will never do business with them, and what it will take for

13  them to finally figure out that calling the Plaintiff in violation of the TCPA is an

14  unwise policy? Plaintiff and the telemarketer argued. Then Plaintiff stated, "put me

15  on your do not call list, provide me with a written copy of your "Do Not Call List"

16  policy, and then go kill yourself."

17  Telemarketer then hung up on Plaintiff.

18  - The telephone number Defendant called was assigned to a cellular telephone

19  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

20  - The telephone call constituted a call that was not for emergency purposes as

21  defined by 47 U.S.C. § 227(b)(1)(A)(i).

22  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

23  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

24  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

25  - The call used a "spoofed" number and was made to obtain something of value

26  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

27  - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

28  to 47 C.F.R. § 64.1200(d)(3).

- Defendant did not provide Plaintiff with a written copy of the Defendant's written "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).


Statutes/Regulations violated:       a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff to a company specific "Do Not Call" list

d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a copy of the Defendant's written "Do Not Call List" policy on demand

e) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

the TCPA

i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

of the TCPA

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

Call #11

Date/Time: May 18th, 2020 at 11:10

Duration of the call: 0 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: Plaintiff did not answer the call and the telemarketer left no message on Plaintiff's voicemail.

- The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

- The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

- Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

- The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).


Statutes/Regulations violated:      a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an
                                        ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

1  Call #12

2  Date/Time: May 18th, 2020 at 15:24

3  Duration of the call: 30 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1026 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began

9  speaking reciting her script about working with a local investor and an interest in

10  purchasing Plaintiff's property. Plaintiff informed the telemarketer of his intention

11  to file a lawsuit against the telemarketer for ongoing and incessant violations of the

12  TCPA. Plaintiff and the telemarketer argued. Then Plaintiff stated, "put me on your do

13  not call list, provide me with a written copy of your "Do Not Call List" policy, and

14  then go kill yourself."

15  Telemarketer then hung up on Plaintiff.

16  - The telephone number Defendant called was assigned to a cellular telephone

17  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

18  - The telephone call constituted a call that was not for emergency purposes as

19  defined by 47 U.S.C. § 227(b)(1)(A)(i).

20  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

21  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

22  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23  - The call used a "spoofed" number and was made to obtain something of value

24  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

25  - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

26  to 47 C.F.R. § 64.1200(d)(3).

27  - Defendant did not provide Plaintiff with a written copy of the Defendant's written

28  "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

1  - Defendant did not provide the name of the person or entity on whose behalf the call

2  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

3  - Defendant did not provide a telephone number at which the person or entity on whose

4  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

5  - Defendant did not provide an address at which the person or entity on whose behalf

6  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

7

8  Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

9  ATDS when calling a cellular telephone

10  b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

11  make a call in order to obtain something of value

12  c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff

13  to a company specific "Do Not Call" list

14  d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a

15  copy of the Defendant's written "Do Not Call List"

16  policy on demand

17  e) 47 CFR 64.1200 (d)(4) Telemarketers must identify

18  on whose behalf they are calling and provide their

19  phone number and an address where they can be

20  contacted

21  f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

22  from contacting customers requesting to be placed on

23  the telemarketer's company specific Do Not Call List

24  for 5 years

25  g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

26  of the TCPA

27  h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

28  the TCPA

i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

of the TCPA

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

1  Call #13

2  Date/Time: May 22nd, 2020 at 10:26

3  Duration of the call: 0 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: Plaintiff did not answer the call due to the battery on the

9  telephone being dead. The telemarketer left no verbal message on Plaintiff's

10  voicemail. Plaintiff recorded the voicemail with the timestamp and number called from

11  in order to document the call.

12  - The telephone number Defendant called was assigned to a cellular telephone

13  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

14  - The telephone call constituted a call that was not for emergency purposes as

15  defined by 47 U.S.C. § 227(b)(1)(A)(i).

16  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

17  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

18  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

19  - The call used a "spoofed" number and was made to obtain something of value

20  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

21  - Defendant did not provide the name of the person or entity on whose behalf the call

22  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

23  - Defendant did not provide a telephone number at which the person or entity on whose

24  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

25  - Defendant did not provide an address at which the person or entity on whose behalf

26  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

27

28

| | |
|---|---|
| Statutes/Regulations violated: | a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone |
| | b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value |
| | c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted |
| | d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years |
| | e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA |
| | f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA |
| | g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA |
| | h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA |

1   Call #14

2   Date/Time: May 22nd, 2020 at 14:51

3   Duration of the call: 56 seconds

4   Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5   the Plaintiff at his cellular telephone with a number ending in 4943.

6   Number Called From: 520-402-1023 (a VoIP used to "spoof" a Benson, AZ rate

7   center/location)

8   Said/Done in call: After a brief hesitation of a few seconds, the telemarketer began

9   speaking reciting her script about working with a local investor and an interest in

10  purchasing Plaintiff's property. Plaintiff informed the telemarketer of his intention

11  to file a lawsuit against the telemarketer for violating the TCPA. Plaintiff and the

12  telemarketer argued. Then Plaintiff stated, "put me on your do not call list, provide

13  me with a written copy of your "Do Not Call List" policy, and then go kill yourself."

14  Telemarketer then hung up on Plaintiff.

15  - The telephone number Defendant called was assigned to a cellular telephone

16  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

17  - The telephone call constituted a call that was not for emergency purposes as

18  defined by 47 U.S.C. § 227(b)(1)(A)(i).

19  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

20  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

21  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22  - The call used a "spoofed" number and was made to obtain something of value

23  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

24  - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

25  to 47 C.F.R. § 64.1200(d)(3).

26  - Defendant did not provide Plaintiff with a written copy of the Defendant's written

27  "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

28

1  - Defendant did not provide the name of the person or entity on whose behalf the call
2  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).
3  - Defendant did not provide a telephone number at which the person or entity on whose
4  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).
5  - Defendant did not provide an address at which the person or entity on whose behalf
6  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

7

8  Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an
9                                    ATDS when calling a cellular telephone
10                                   b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to
11                                   make a call in order to obtain something of value
12                                   c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff
13                                   to a company specific "Do Not Call" list
14                                   d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a
15                                   copy of the Defendant's written "Do Not Call List"
16                                   policy on demand
17                                   e) 47 CFR 64.1200 (d)(4) Telemarketers must identify
18                                   on whose behalf they are calling and provide their
19                                   phone number and an address where they can be
20                                   contacted
21                                   f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain
22                                   from contacting customers requesting to be placed on
23                                   the telemarketer's company specific Do Not Call List
24                                   for 5 years
25                                   g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation
26                                   of the TCPA
27                                   h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of
28                                   the TCPA

i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation
of the TCPA

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of
the TCPA

Call #15

Date/Time: May 27th, 2020 at 11:39

Duration of the call: 0 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1022 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: Plaintiff did not answer the call and the telemarketer left a message on Plaintiff's voicemail with her standard script about working with a local investor and an interest in the Plaintiff's property. Plaintiff recorded the message the telemarketer left on Plaintiff's voicemail including the timestamp and telephone number dialed from.

- The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

- The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

- Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

- The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

Statutes/Regulations violated:   a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

1   Call #16

2   Date/Time: May 30th, 2020 at 13:44

3   Duration of the call: 0 seconds

4   Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5   the Plaintiff at his cellular telephone with a number ending in 4943.

6   Number Called From: 520-402-1019 (a VoIP used to "spoof" a Benson, AZ rate

7   center/location)

8   Said/Done in call: Plaintiff did not answer the call and the telemarketer left no

9   message on Plaintiff's voicemail.

10  - The telephone number Defendant called was assigned to a cellular telephone

11  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

12  - The telephone call constituted a call that was not for emergency purposes as

13  defined by 47 U.S.C. § 227(b)(1)(A)(i).

14  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

15  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

16  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

17  - The call used a "spoofed" number and was made to obtain something of value

18  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

19  - Defendant did not provide the name of the person or entity on whose behalf the call

20  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

21  - Defendant did not provide a telephone number at which the person or entity on whose

22  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

23  - Defendant did not provide an address at which the person or entity on whose behalf

24  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

25

26

27  Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

28                                    ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

1  Call #17

2  Date/Time: June 3rd, 2020 at 13:22

3  Duration of the call: 0 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1029 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: Plaintiff did not wait for the telemarketer to even speak.

9  Plaintiff stated, "put me on your do not call list, provide me with a written copy of

10 your "Do Not Call List" policy, and then go kill yourself."

11 Telemarketer must have ended the call upon Plaintiff answering his phone because this

12 call is listed as both "received" and "0 seconds" in Plaintiff's call log.

13 - The telephone number Defendant called was assigned to a cellular telephone

14 service pursuant to 47 CFR § 64.1200(a)(1)(iii).

15 - The telephone call constituted a call that was not for emergency purposes as

16 defined by 47 U.S.C. § 227(b)(1)(A)(i).

17 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

18 receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

19 prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20 - The call used a "spoofed" number and was made to obtain something of value

21 (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

22 - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

23 to 47 C.F.R. § 64.1200(d)(3).

24 - Defendant did not provide Plaintiff with a written copy of the Defendant's written

25 "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

26 - Defendant did not provide the name of the person or entity on whose behalf the call

27 is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

28

1   - Defendant did not provide a telephone number at which the person or entity on whose

2   behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

3   - Defendant did not provide an address at which the person or entity on whose behalf

4   the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

5

6   Statutes/Regulations violated:   a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

7                                       ATDS when calling a cellular telephone

8                                    b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

9                                    make a call in order to obtain something of value

10                                   c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff

11                                   to a company specific "Do Not Call" list

12                                   d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a

13                                   copy of the Defendant's written "Do Not Call List"

14                                   policy on demand·

15                                   e) 47 CFR 64.1200 (d)(4) Telemarketers must identify

16                                   on whose behalf they are calling and provide their

17                                   phone number and an address where they can be

18                                   contacted

19                                   f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

20                                   from contacting customers requesting to be placed on

21                                   the telemarketer's company specific Do Not Call List

22                                   for 5 years

23                                   g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

24                                   of the TCPA

25                                   h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

26                                   the TCPA

27                                   i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

28                                   of the TCPA

1

2

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of
the TCPA

1    Call #18

2    Date/Time: June 5th, 2020 at 12:39

3    Duration of the call: 0 seconds

4    Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5    the Plaintiff at his cellular telephone with a number ending in 4943.

6    Number Called From: 520-402-1023 (a VoIP used to "spoof" a Benson, AZ rate

7    center/location)

8    Said/Done in call: Plaintiff did not wait for the telemarketer to even speak.

9    Plaintiff stated, "put me on your do not call list, provide me with a written copy of

10   your "Do Not Call List" policy, and then go kill yourself."

11   Telemarketer must have ended the call upon Plaintiff answering his phone because this

12   call is listed as both "received" and "0 seconds" in Plaintiff's call log.

13   - The telephone number Defendant called was assigned to a cellular telephone

14   service pursuant to 47 CFR § 64.1200(a)(1)(iii).

15   - The telephone call constituted a call that was not for emergency purposes as

16   defined by 47 U.S.C. § 227(b)(1)(A)(i).

17   - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

18   receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

19   prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20   - The call used a "spoofed" number and was made to obtain something of value

21   (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

22   - Plaintiff was not added to Defendant's company specific "Do Not Call List" pursuant

23   to 47 C.F.R. § 64.1200(d)(3).

24   - Defendant did not provide Plaintiff with a written copy of the Defendant's written

25   "Do Not Call List" policy pursuant to 47 C.F.R. § 64.1200(d)(1).

26   - Defendant did not provide the name of the person or entity on whose behalf the call

27   is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

28

1  - Defendant did not provide a telephone number at which the person or entity on whose
2  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).
3  - Defendant did not provide an address at which the person or entity on whose behalf
4  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).
5
6  Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an
7                                       ATDS when calling a cellular telephone
8                                    b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to
9                                       make a call in order to obtain something of value
10                                   c) 47 C.F.R. § 64.1200(d)(3) Failure to add Plaintiff
11                                      to a company specific "Do Not Call" list
12                                   d) 47 C.F.R. § 64.1200(d)(1) Failure to provide a
13                                      copy of the Defendant's written "Do Not Call List"
14                                      policy on demand
15                                   e) 47 CFR 64.1200 (d)(4) Telemarketers must identify
16                                      on whose behalf they are calling and provide their
17                                      phone number and an address where they can be
18                                      contacted
19                                   f) 47 CFR 64.1200 (d)(6) Telemarketers must refrain
20                                      from contacting customers requesting to be placed on
21                                      the telemarketer's company specific Do Not Call List
22                                      for 5 years
23                                   g) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation
24                                      of the TCPA
25                                   h) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of
26                                      the TCPA
27                                   i) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation
28                                      of the TCPA

1

j) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

2

the TCPA

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Call #19

2  Date/Time: June 9th, 2020 at 13:37

3  Duration of the call: 0 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1026 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased

9  answering any telephone calls beginning with "520-402" and the telemarketer left no

10 message on Plaintiff's voicemail.

11 - The telephone number Defendant called was assigned to a cellular telephone

12 service pursuant to 47 CFR § 64.1200(a)(1)(iii).

13 - The telephone call constituted a call that was not for emergency purposes as

14 defined by 47 U.S.C. § 227(b)(1)(A)(i).

15 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

16 receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

17 prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18 - The call used a "spoofed" number and was made to obtain something of value

19 (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

20 - Defendant did not provide the name of the person or entity on whose behalf the call

21 is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

22 - Defendant did not provide a telephone number at which the person or entity on whose

23 behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

24 - Defendant did not provide an address at which the person or entity on whose behalf

25 the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

26

27

28

Statutes/Regulations violated:

a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

1  Call #20

2  Date/Time: June 10th, 2020 at 15:34

3  Duration of the call: 0 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1017 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased

9  answering any telephone calls beginning with "520-402" and the telemarketer left no

10 message on Plaintiff's voicemail.

11 - The telephone number Defendant called was assigned to a cellular telephone

12 service pursuant to 47 CFR § 64.1200(a)(1)(iii).

13 - The telephone call constituted a call that was not for emergency purposes as

14 defined by 47 U.S.C. § 227(b)(1)(A)(i).

15 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

16 receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

17 prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18 - The call used a "spoofed" number and was made to obtain something of value

19 (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

20 - Defendant did not provide the name of the person or entity on whose behalf the call

21 is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

22 - Defendant did not provide a telephone number at which the person or entity on whose

23 behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

24 - Defendant did not provide an address at which the person or entity on whose behalf

25 the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

26

27

28

Statutes/Regulations violated:

a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

1    Call #21

2    Date/Time: June 11th, 2020 at 10:29

3    Duration of the call: 0 seconds

4    Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5    the Plaintiff at his cellular telephone with a number ending in 4943.

6    Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate

7    center/location)

8    Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased

9    answering any telephone calls beginning with "520-402" and the telemarketer left no

10   message on Plaintiff's voicemail.

11   - The telephone number Defendant called was assigned to a cellular telephone

12   service pursuant to 47 CFR § 64.1200(a)(1)(iii).

13   - The telephone call constituted a call that was not for emergency purposes as

14   defined by 47 U.S.C. § 227(b)(1)(A)(i).

15   - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

16   receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

17   prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18   - The call used a "spoofed" number and was made to obtain something of value

19   (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

20   - Defendant did not provide the name of the person or entity on whose behalf the call

21   is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

22   - Defendant did not provide a telephone number at which the person or entity on whose

23   behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

24   - Defendant did not provide an address at which the person or entity on whose behalf

25   the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

26

27

28

| | |
|---|---|
| Statutes/Regulations violated: | a) 47 U.S.C. § 227(b)(1) Improper use of an ATDS when calling a cellular telephone |
| | b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value |
| | d) 16 C.F.R. § 310.4(b)(iii)A prohibits telemarketers from calling a consumer that requests to be added to their "Do Not Call List." |
| | e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA |
| | f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA |
| | g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA |
| | h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA |

1   Call #22

2   Date/Time: June 11th, 2020 at 14:41

3   Duration of the call: 0 seconds

4   Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5   the Plaintiff at his cellular telephone with a number ending in 4943.

6   Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate

7   center/location)

8   Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased

9   answering any telephone calls beginning with "520-402" and the telemarketer left no

10  message on Plaintiff's voicemail.

11  - The telephone number Defendant called was assigned to a cellular telephone

12  service pursuant to 47 CFR § 64.1200(a)(1)(iii).

13  - The telephone call constituted a call that was not for emergency purposes as

14  defined by 47 U.S.C. § 227(b)(1)(A)(i).

15  - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

16  receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

17  prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18  - The call used a "spoofed" number and was made to obtain something of value

19  (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

20  - Defendant did not provide the name of the person or entity on whose behalf the call

21  is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

22  - Defendant did not provide a telephone number at which the person or entity on whose

23  behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

24  - Defendant did not provide an address at which the person or entity on whose behalf

25  the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

26

27

28

Statutes/Regulations violated:    a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an
ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to
make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify
on whose behalf they are calling and provide their
phone number and an address where they can be
contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain
from contacting customers requesting to be placed on
the telemarketer's company specific Do Not Call List
for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation
of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of
the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation
of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of
the TCPA

Call #23

Date/Time: June 12th, 2020 at 13:23

Duration of the call: 0 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1024 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased answering any telephone calls beginning with "520-402" and the telemarketer left no message on Plaintiff's voicemail.

- The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

- The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

- Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

- The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

Statutes/Regulations violated:
  a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone
  b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value
  c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted
  d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years
  e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA
  f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA
  g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA
  h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

Call #24

Date/Time: June 13th, 2020 at 12:46

Duration of the call: 0 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1026 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased answering any telephone calls beginning with "520-402" and the telemarketer left no message on Plaintiff's voicemail.

- The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

- The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

- Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

- The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

Statutes/Regulations violated:     a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an

ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to

make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify

on whose behalf they are calling and provide their

phone number and an address where they can be

contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain

from contacting customers requesting to be placed on

the telemarketer's company specific Do Not Call List

for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation

of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of

the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation

of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of

the TCPA

Call #25

Date/Time: June 17th, 2020 at 10:25

Duration of the call: 0 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased answering any telephone calls beginning with "520-402" and the telemarketer left no message on Plaintiff's voicemail.

- The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

- The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

- Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

- The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

Statutes/Regulations violated:     a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an
ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to
make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify
on whose behalf they are calling and provide their
phone number and an address where they can be
contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain
from contacting customers requesting to be placed on
the telemarketer's company specific Do Not Call List
for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation
of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of
the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation
of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of
the TCPA

Call #26

Date/Time: June 24th, 2020 at 10:41

Duration of the call: 0 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1020 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased answering any telephone calls beginning with "520-402" and the telemarketer left no message on Plaintiff's voicemail.

- The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

- The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

- Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

- The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

Statutes/Regulations violated:     a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an
ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to
make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify
on whose behalf they are calling and provide their
phone number and an address where they can be
contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain
from contacting customers requesting to be placed on
the telemarketer's company specific Do Not Call List
for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation
of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of
the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation
of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of
the TCPA

1  Call #27

2  Date/Time: June 26th, 2020 at 15:37

3  Duration of the call: 0 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1019 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased

9  answering any telephone calls beginning with "520-402" and the telemarketer left no

10 message on Plaintiff's voicemail.

11 - The telephone number Defendant called was assigned to a cellular telephone

12 service pursuant to 47 CFR § 64.1200(a)(1)(iii).

13 - The telephone call constituted a call that was not for emergency purposes as

14 defined by 47 U.S.C. § 227(b)(1)(A)(i).

15 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

16 receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

17 prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18 - The call used a "spoofed" number and was made to obtain something of value

19 (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

20 - Defendant did not provide the name of the person or entity on whose behalf the call

21 is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

22 - Defendant did not provide a telephone number at which the person or entity on whose

23 behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

24 - Defendant did not provide an address at which the person or entity on whose behalf

25 the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

26

27

28

| | |
|---|---|
| Statutes/Regulations violated: | a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone |
| | b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value |
| | c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted |
| | d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years |
| | e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA |
| | f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA |
| | g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA |
| | h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA |

1  Call #28

2  Date/Time: July 1st, 2020 at 11:48

3  Duration of the call: 0 seconds

4  Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called

5  the Plaintiff at his cellular telephone with a number ending in 4943.

6  Number Called From: 520-402-1026 (a VoIP used to "spoof" a Benson, AZ rate

7  center/location)

8  Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased

9  answering any telephone calls beginning with "520-402" and the telemarketer left no

10 message on Plaintiff's voicemail.

11 - The telephone number Defendant called was assigned to a cellular telephone

12 service pursuant to 47 CFR § 64.1200(a)(1)(iii).

13 - The telephone call constituted a call that was not for emergency purposes as

14 defined by 47 U.S.C. § 227(b)(1)(A)(i).

15 - Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to

16 receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or

17 prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

18 - The call used a "spoofed" number and was made to obtain something of value

19 (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

20 - Defendant did not provide the name of the person or entity on whose behalf the call

21 is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

22 - Defendant did not provide a telephone number at which the person or entity on whose

23 behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

24 - Defendant did not provide an address at which the person or entity on whose behalf

25 the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

26

27

28

Statutes/Regulations violated:

a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone

b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value

c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted

d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years

e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA

f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA

g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA

h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA

Call #29

Date/Time: July 6th, 2020 at 17:06

Duration of the call: 0 seconds

Who Called: A telemarketer from Defendant Homerun Offer, LLC, or its agent(s) called the Plaintiff at his cellular telephone with a number ending in 4943.

Number Called From: 520-402-1026 (a VoIP used to "spoof" a Benson, AZ rate center/location)

Said/Done in call: Plaintiff did not answer the call because Plaintiff ceased answering any telephone calls beginning with "520-402" and the telemarketer left no message on Plaintiff's voicemail.

- The telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 CFR § 64.1200(a)(1)(iii).

- The telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

- Plaintiff did not provide Homerun Offer or its agent(s) prior express consent to receive the calls to Plaintiff's cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

- The call used a "spoofed" number and was made to obtain something of value (property) from the Plaintiff pursuant to 47 U.S.C. § 227(e)(1).

- Defendant did not provide the name of the person or entity on whose behalf the call is being made pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide a telephone number at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

- Defendant did not provide an address at which the person or entity on whose behalf the call is being made may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

| | |
|---|---|
| Statutes/Regulations violated: | a) 47 C.F.R. § 64.1200(a)(1)(iii) Improper use of an ATDS when calling a cellular telephone |
| | b) 47 U.S.C. § 227(e)(1) Using a "spoofed" number to make a call in order to obtain something of value |
| | c) 47 CFR 64.1200 (d)(4) Telemarketers must identify on whose behalf they are calling and provide their phone number and an address where they can be contacted |
| | d) 47 CFR 64.1200 (d)(6) Telemarketers must refrain from contacting customers requesting to be placed on the telemarketer's company specific Do Not Call List for 5 years |
| | e) 47 U.S.C 47 U.S.C. § 227 (b) Negligent violation of the TCPA |
| | f) 47 U.S.C 47 U.S.C. § 227 (b) Willful violation of the TCPA |
| | g) 47 U.S.C 47 U.S.C. § 227 (c) Negligent violation of the TCPA |
| | h) 47 U.S.C 47 U.S.C. § 227 (c) Willful violation of the TCPA |

**First Cause of Action Negligent Violations Of The Telephone Consumer Protection Act (TCPA) 47 U.S.C. 227(b)**

120.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

121.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

122.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 (b) Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

123.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**Second Cause of Action Knowing and/or Willful Of The Telephone Consumer Protection Act (TCPA) 47 U.S.C. 227(b)**

124.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

125.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A).

126.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled an award of $1,500.00 in statutory damages, for

each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

127.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

128.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

129.     The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

130.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

131.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227(c)

1    132.    Plaintiff repeats and incorporates by reference into this cause of action

2        the allegations set forth in the paragraphs above.

3    133.    The foregoing acts and omissions of Defendant constitutes numerous and

4        multiple knowing and/or willful violations of the TCPA, including but not

5        limited to each and every one of the above cited provisions of 47 U.S.C. §

6        27(c), in particular 47 U.S.C. § 227 (c)(5).

7    134.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C.

8        § 227(c), Plaintiff is entitled an award of $1,500.00 in statutory damages, for

9        each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

10   135.    Plaintiff is also entitled to and seeks injunctive relief prohibiting

11       such conduct in the future.

12

13

14                    **Prayer For Relief**

15

16   Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the

17   following relief against Defendant for the Following:

18

19   **First Cause of Action for Negligent Violation of the TCPA, 47**

20                    **U.S.C. § 227 (b)**

21

22   - As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1),

23   Plaintiff seeks for himself $500.00 in statutory damages, for each and every

24   violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

25   - Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such

26   conduct in the future.

27   - Any other relief the Court may deem just and proper.

28

## Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 (b)

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## Third Cause of Action Negligent Violations of the TCPA, 47 U.S.C. § 227 (c)

- As a result of Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5).
- Any other relief the Court may deem just and proper.

## Fourth Cause of Action Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 (c)

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5).
- Any other relief the Court may deem just and proper.

## Trial By Jury

1   Pursuant to the seventh amendment to the Constitution of the United States of

2   America, Plaintiff is entitled to, and demands, a trial by jury.

3

4

                              Dated this 3rd day of December, 2020

5

6                             Josh M Jance
                              3223 E Kleindale Road,
7                             Tucson, AZ 85716
                              JoshJance@GMX.com
8                             520-444-4943

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Certificate of service

     I hereby certify that on December 3rd 2020, I delivered a copy of the attached document via United States Mail to the following address:


John Maston O'Neal

Quarles & Brady LLP

Renaissance One

Two North Central Avenue

Phoenix AZ, 85004-2391


                                    Dated this 3rd day of December, 2020

                                    Josh M Jance
                                    3223 E Kleindale Road,
                                    Tucson, AZ 85716
                                    JoshJance@GMX.com
                                    520-444-4943