

Josh M Jance
3223 E Kleindale Road
Tucson Arizona, 85716
520-444-4943
JoshJance@GMX.com
Pro Per

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josh M. Jance,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Homerun Offer LLC, et al.,<br><br>　　　　Defendant | Case No.: No. CV-20-00482-TUC-JGZ<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**HON. JUDGE JENNIFER G. ZIPPS PRESIDING** |

Plaintiff submits the following response to Defendant's Notice of Supplemental Authority in Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 24) ("Notice"). Simply put, the Defendant's contention that the U.S. Supreme Court's April 1, 2021 Decision in *Facebook, Inc. v. Duguid*, No. 19-511, 592 U.S. __ (2021), has a material impact on Plaintiff's claims in this case relative to Automatic Telephone Dialing System (ATDS) use by the Defendant is completely false to the point of farce. The factual allegations supporting claims made by Plaintiff in this case and those made in *Facebook, Inc. v. Duguid* differ so significantly that it begs the question of whether Defense Council even bothered to actually read the Supreme Court's opinion in *Facebook, Inc. v. Duguid*.

To sum up, Plaintiff makes the following four factual allegations in support of the claim regarding ATDS use by the Defendants:

1. Plaintiff alleges a pause of several seconds at the beginning of each call – The evidence Plaintiff has for this factual allegation is a recording of a

message left on Plaintiff's voicemail by a telemarketer calling on behalf of the Defendant on May 27th, 2020.

2. Plaintiff alleges a generic impersonal text recited by the caller when calling the Plaintiff - The evidence Plaintiff has for this is a recording of a message left on Plaintiff's voicemail by a telemarketer calling on behalf of the Defendant on May 27th, 2020. The exact text of which is as follows: "Hi, this is Sam. I'm working with a local investor who's looking to buy a property in the area. Do you have any interest in selling your property, or are you open to a cash offer?" This generic message could have been intended for any property owner anywhere and clearly is not intended specifically for Plaintiff.

3. Plaintiff alleges use of VoIPs by the Defendant to make the calls in question to Plaintiff - The evidence Plaintiff has for this consists of screenshots taken from "Whitepages.com" reverse telephone number lookup feature, showing that all of the telephone numbers utilized by the Defendant to call Plaintiff are listed as "Non-Fixed VoIP (e.g. Skype or Google Voice)." (Exhibits A through H)

4. Plaintiff alleges use of "spoofed" numbers by the Defendant to place calls made to Plaintiff - The evidence Plaintiff has for this is a screenshot from www.ReportedCalls.com showing that the prefix "520-402" (used on all of the calls made by Defendant to Plaintiff) ties out to "Location: Arizona" and "Rate Center: Benson." (Exhibit I) Further, Plaintiff could not locate any telemarketers based out of Benson, Arizona let alone one that made calls on behalf of the Defendant.

All four factual allegations made by Plaintiff are consistent with ATDS use by the Defendant. The Plaintiff in *Facebook, Inc. v. Duguid* did not make any similar factual allegations either in the initial claim or in the subsequent appeal. The

Plaintiff's Response to Defendants' Notice of Supplemental Authority In Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint - 2

1  fundamental basis of Duguid's claim against Facebook rests on unwanted texts sent to
2  Duguid's cell phone. Therefore, there was no pause at the beginning of a call (because
3  no telephone calls were alleged by Duguid), there was no generic text recited by a
4  caller (again, because no telephone calls were alleged by Duguid), there was no
5  allegation of use of VoIPs by Facebook (because the texts in question came
6  specifically from Facebook, which Facebook stipulated to) and Duguid made no
7  allegation of "spoofing" by Facebook (again, because the texts in question came
8  specifically from Facebook, which Facebook also stipulated to). The U.S. Supreme
9  Court's April 1, 2021 Decision in *Facebook, Inc. v. Duguid* contains not one single
10 ruling, judgment, finding, or even discussion of factual allegations similar to
11 Plaintiff's in this case at all. This makes the Defense Council's statement that the
12 Supreme Court's decision in *Facebook, Inc. v. Duguid,* "has a material impact on – and
13 is indeed fatal to Plaintiff's claims relative to Automatic Telephone Dialing
14 Systems," read a lot like Chicken Little declaring that the sky is falling, when
15 nothing could be further from the truth.
16     For these reasons, Plaintiff respectfully urges the Court to treat the
17 Defendant's Notice with the irrelevance that it deserves.

Dated this 28th day of April, 2021

_____
Josh M. Jance
3223 E Kleindale Road
Tucson, AZ 85716
520-444-4943
JoshJance@GMX.com
Pro Per

Plaintiff's Response to Defendants' Notice of Supplemental Authority In Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint - 4

**Certificate of service**

I hereby certify that on January 12th, 2021, I delivered a copy of the attached document via United States Mail to the following address:

John Maston O'Neal

Quarles & Brady LLP

Renaissance One

Two North Central Avenue

Phoenix AZ, 85004-2391

Dated this 28th day of April, 2021

Josh M Jance
3223 E Kleindale Road,
Tucson, AZ 85716
JoshJance@GMX.com
520-444-4943
Pro Per

Plaintiff's Response to Defendants' Notice of Supplemental Authority In Support of Their Motion to Dismiss Plaintiff's Second Amended Complaint - 5